IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES E. MOLAND, Register No. 185153, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-4262-CV-C-NKL |
| GARY B. KEMPKER, et al., | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary relief, pursuant to 42 U.S.C. § 1983. Named defendants are Gary Kempker and Michael Murphy of the Missouri Department of Corrections. Plaintiff's complaint alleges that he is being held past the expiration of his prison sentence. Plaintiff alleges he has filed a writ of habeas corpus which has been denied.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a frequent litigator who has had several cases dismissed for failure to state a claim or as frivolous under 28 U.S.C. § 1915. *See Moland v. Welch*, No. 00-0090-HFS (W.D. Mo. 2000); *Moland v. Winegarner*, No. 00-1184-HFS (W.D. Mo. 2000); *Moland v. Del Muro*, No. 00-1236-HFS (W.D. Mo. 2000); *Moland v. Nixon*, No. 02-4196-NKL (W.D. Mo. 2002); *Moland v. Del Muro*, No. 04-0210-GAF (W.D. Mo. 2004).

Furthermore, plaintiff's claims challenge his criminal sentencing and should be brought via a writ of habeas corpus, and are not such that plaintiff faces any type of imminent danger of physical injury. Accordingly, plaintiff is not entitled to proceed under 28 U.S.C. § 1915.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis, and his claims dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g), because plaintiff has had three or more cases dismissed as frivolous or for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 13th day of December, 2004, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge