IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES E. MOLAND, ) | | |
| Register No. 185153, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 04-4262-CV-C-NKL | |
| ) | | |
| GARY B. KEMPKER, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

On December 13, 2004, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on January 27, February 11 and May 11, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Section 1915(g) provides that if a prisoner, while incarcerated, has three complaints, or any portion of the complaint dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a frequent litigator who has had several cases dismissed for failure to state a claim or as frivolous under 28 U.S.C. § 1915. *See Moland v. Welch*, No. 00-0090-HFS (W.D. Mo. 2000); *Moland v. Winegarner*, No.00-1184-HFS (W.D. Mo. 2000); *Moland v Del Muro*, No. 00-1236-HFS (W.D. Mo. 2000); *Moland v. Nixon*, No. 02-4196-NKL (W.D. Mo. 2002); *Moland v. Del Muro*, No. 04-0210-GAF (W.D. Mo. 2004). Therefore, plaintiff's

claims should be dismissed, pursuant to 28 U.S.C. 1915(g).  Plaintiff's new allegations contained in his exceptions regarding denial of medical treatment for a broken toe, which occurred in September 2003, are insufficient to meet the "imminent danger of physical injury requirement."

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal.  *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiff is denied leave to proceed in forma pauperis, and his claims are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g), because plaintiff has had three or more cases dismissed as frivolous or for failure to state a claim.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: May 23, 2005
Jefferson City, Missouri